## 19865

CRESCENT LAND & TIMBER CORP., Respondent, v. C. O. WILLIAMS, Jr., et al., Appellants

(207 S. E. (2d) 98)

*Messrs Parker and Richardson,* of Columbia, *for Appellants,*

*Messrs. Steve C. Griffith, Jr.* of Charlotte, N. C., *Miley and Macaulay and Howard G. Pettit, Jr.,* of Walhalla, *for Respondent,*

July 18, 1974.

LEWIS, Justice:

This action involves the enforcement of a contract for the sale by appellants to respondent of a twenty-two (22) acre tract of land in Oconee County, located in the area covered by the lake formed from the construction by Duke Power Company of the Jocassee Dam portion of its Keowee-Toxaway hydroelectric project. Appellants owned other lands which were acquired by respondent, as the purchasing agent for Duke Power Company; but the present twenty-two (22) acre parcel was reserved and optioned in December 1965 to respondent for purchase within five (5) years from that date, upon the condition, among others, that the right to purchase could be exercised by respondent only "when the land is required to begin actual construction of the Jocassee Dam." Respondent attempted to exercise the option within the five (5) year period but appellants refused to comply, contending that the land was not then "required to begin actual construction of the Jocassee Dam." This action for specific performance resulted.

The special referee, to whom the issues were referred, held that the twenty-two (22) acre tract was required within the option period for the construction of the Jocassee Dam and recommended specific performance of the contract of sale. The lower court affirmed the report of the special referee and this appeal followed.

By the terms of the option, it could be exercised within the five (5) year period only if and "when the land is required to begin actual construction of the Jocassee Dam." If the land was required within the option period, in order to begin actual construction of the dam, respondent was entitled to exercise the option to purchase. If the land was not so required, then appellants were under no obligation to sell. The lower court held that the land was needed in order to begin construction and the sole issue on appeal is whether the record sustains that conclusion.

This is an action in equity and the appeal is basically from concurrent factual findings of the master and trial judge. In such cases, it is well settled that findings of fact by a special referee or master, concurred in by the trial judge, will not be disturbed by this Court on appeal unless it is shown that the findings are without evidentiary support or are against the clear preponderance of the evidence.

The issue before the lower court concerned, basically, what the parties meant by the clause, "when the land is required to begin actual construction of the Jocassee Dam." Appellants concede that the phrase, "construction of the Jocassee Dam," did not refer only to the actual embankment to impound the water, for the site of the dam was not located on the twenty-two (22) acre tract. In fact, the land was located about two miles upstream and would never be required in the actual construction of the dam, but was a part of the land area to be covered by the reservoir formed from such construction. The parties are, therefore, apparently in agreement that the phrase "Jocassee Dam" referred to the dam *and* the reservoir to be formed from the construction of the dam.

While the parties agree that the phrase, "Jocassee Dam," means the dam and reservoir, they disagree as to the meaning of the clause, "when the land was required to begin construction." Appellants contend that the land was not required or needed in the construction of the dam and reser-

voir until their continued use of the land was foreclosed by the progress of construction on the project, either to the point of actual clearing or the impoundment of water in the reservoir. Under this view and the facts, the land, now covered by 300 feet of water, would not have been needed *to begin construction* until the dam had been completed and nothing remained to be done except for the reservoir to fill with water. If this position is correct, the option to purchase would have expired before the land was required in the construction since, admittedly, the land was not covered by water until after the expiration of the option period.

The contention of respondent, sustained by the concurrent findings of the special referee and trial judge, was that the twenty-two (22) acre tract was required when the actual construction of the dam began, because the construction of the dam could not be started until the property had been acquired to form the needed reservoir. The record sustains these findings by the lower court.

The option was dated in December 1965. The five year period for its exercise ended in December 1970. Actual construction of the Jocassee Dam began in April 1968. The diversion tunnel was finished, the coffer dam closed, and river diversion started on October 21, 1969, all within the option period. There was testimony that, upon the closing of the coffer dam and diversion of the water in the river, both necessary steps in the construction of the project, appellants' property was subject to flooding and, therefore, then required in the actual construction.

There is no language in the option to warrant the construction urged by appellants. The option states that it could be exercised when the land was required *to begin actual construction* of the dam. It is undisputed that actual construction began well within the option period; and that the project could not have been completed without the acquisition of the twenty-two (22) acre tract, since it formed a part of the reservoir. There was testimony that the land was subject

to possible flooding because of construction as early as October 1969 and, as stated by the special referee, it was reasonably inferable that the land was *required* "at a point in time simultaneous with the actual commencement of construction of the Jocassee Dam." Certainly, the acquisition of the land over which to back water is necessary to begin construction of a project of this nature.

It is also inferable that appellants were attempting, by the language of the option, to protect against the possibility that the project might not be constructed. By retaining ownership until the commencement of construction of the dam, they had reasonable assurance that their land would be used for such purpose.

Under all of the facts and circumstances, we conclude that the record sustains the findings of the lower court and that a decree for specific performance of the contract of sale was properly entered.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD *and* LITTLEJOHN, JJ., concur.